ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 213
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Attorneys for the Debtor*

Hearing Date: March 24, 2022
Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

DOUGLAS E. CAMPBELL,

Case No.: 21-43012-nhl

Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF IMSPEIGEL LLC AS DEBTOR'S ACCOUNTANT AS OF FEBRUARY 1, 2022, AND PERMITTING PAYMENT OF A POST-PETITION FEE RETAINER**

**PLEASE TAKE NOTICE**, that a **TELEPHONIC** hearing to consider the annexed Motion dated March 18, 2022 (the "Motion") of Douglas E. Campbell (the "Debtor"), the undersigned will move before the Honorable Nancy Hershey Lord, U.S. Bankruptcy Judge, on March 22, 2022 at 2:00 p.m., in the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East,Brooklyn, New York 11201, or as soon thereafter as counsel may be heard. The Debtor may request such other and further relief as is just and equitable. Each Party that intends to participate in a telephonic hearing must register for the hearing at least two business days before the scheduled hearing by using the Court's eCourt Appearances platform. The directions can be found at **https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl**.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Application must be made in writing and must be filed with the Clerk of the Bankruptcy

Court electronically at www.nyeb.uscourts.gov. If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved in .pdf format. A copy of the objection must be provided to (a) the Chambers of the Honorable Nancy Hershey Lord, (b) Ortiz & Ortiz, LLP, at the address listed below, and (c) all parties filing Notices of Appearance, so as to be received no later than seven (7) days prior to the hearing. The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: March 8, 2022
      New York, New York

                                                 */s/Norma E. Ortiz*
                                                 Norma E. Ortiz, Esq.
                                                 Ortiz & Ortiz, L.L.P.
                                                 287 Park Avenue South, Suite 213
                                                 New York, New York 10010
                                                 Tel. (718) 522-1117
                                                 Fax (718) 596-1302
                                                 *Attorneys for the Debtor*

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 213
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

DOUGLAS E. CAMPBELL, Case No.: 21-43012-nhl

Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF IRA SPIEGEL AS DEBTOR'S ACCOUNTANT AND PERMITTING PAYMENT OF A POST-PETITION RETAINER**

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Douglas E. Campbell (the "Debtor"), by his attorneys Ortiz & Ortiz, L.L.P. ("O &O"), respectfully represents:

## BACKGROUND

1. The Debtor filed a voluntary Chapter 11 petition on December 2, 2021 (the "Petition Date"). The Debtor remains in possession with the authority to operate his business pursuant to 11 U.S.C. §§1107 and 1108. No committee has been appointed in this case.

2. The Debtor filed his case without a bankruptcy accountant and requires the assistance of an experienced bankruptcy accountant to prepare his Monthly Operating Reports

and requires assistance with his efforts to reorganize his affairs. On January 28, 2022, the Debtor contacted Ira M. Spiegel, of IMSPIEGEL, LLC, an accountant with extensive bankruptcy experience, to retain his services as his bankruptcy accountant.

3. On or about February 17, 2022, the Debtor retained IMSPIEGEL, LLC (" SPIEGEL"), an accounting firm which maintains its offices at 1419 E. 101st Street, Brooklyn, NY, 11236. As set forth in the annexed Declaration of Ira M. Speigel, SPIEGEL will bill the estate at $290 an hour for services rendered to the Debtor. Based upon the size and nature of the case, SPIEGEL estimates that the cost of the proposed services will range between $6,000 to $15,000. SPIEGEL requested a $2,000 retainer fee, which the Debtor paid subject to the Court's approval, on or about February 28, 2022.

**JURISDICTION AND STAUTORY PREDICATES**

4. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Bankruptcy Code Sections 327 and 328, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Bankruptcy Rule 2014-1.

**RELIEF REQUESTED**

**a. Retention of Accounting Firm**

6. Subject to the Court's approval, the Debtor seeks to retain SPIEGEL as his accounting firm to help the Debtor review his books and records, assist in preparation of monthly operating reports, budgets and projections; review the filed claims for reasonableness against the Debtor's records and filing schedules; interact, when necessary, with creditors and their retained

professionals; and assist in the preparation of the Plan of Reorganization and Disclosure Statement. Pursuant to 11 U.S.C. § 327(a), the Debtor requests that the Court approve the employment of SPIEGEL as his accountant to perform the services necessary to assist in complying with his reporting duties and financial obligations as a debtor-in-possession.

7. The Debtor believes that SPIEGEL is qualified to represent his interests and the interests of its bankruptcy estate. Ira Spiegel has over 43 years of accounting experience, with 28 of those years specializing in bankruptcy, and has the expertise to provide the Debtor with all of the services needed. Based on the declaration of Ira Spiegel, the firm does not hold or represent an interest adverse to the Debtor's estate in the matters upon which SPIEGEL is to be employed and is "disinterested" as that term is defined in the Bankruptcy Code.

**b. Approval of Terms of Agreement and Payment of Retainer**

8. SPIEGEL intends to apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the U.S. Trustee Fee Guidelines, and the local rules and orders of the Court.

9. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court, the Debtor proposes to pay SPIEGEL its customary rate of $290 per hour and submits that this rate is reasonable under Section 328 and should be approved. In addition to the foregoing, the Debtor asserts that the Court should approve the small retainer payment paid to SPEIGEL as appropriate under the circumstances of this case. Applying the factors that are commonly considered by the courts when determining, among other things, the propriety of payment of a post-petition retainer to a professional support the conclusion that the payment should be approved by the Court. Those factors include (1) the retainer's economic impact on debtor's ongoing business operation, (2) the retainer's economic impact on debtor's

ability to reorganize, (3) the amount and reasonableness of the retainer, (4) the reputation of debtor's proposed accountant, and (5) the ability of debtor's proposed accountant to disgorge such payments at the conclusion of the case should the court determine that the fees paid to proposed accountant are not justified.  See, e.g., In re Truong, 259 B.R. 264 (Bankr. N.J. 2001).

10. Applying these factors to the instant case supports a finding that the relief sought herein should be granted. SPIEGEL – and most experienced bankruptcy accountants – will not undertake the representation of a Chapter 11 Debtor without the payment of a retainer that is available to pay all or a portion of the professional fees approved by the court. Since the retainer paid to SPIEGEL is modest in amount, it should not have an economic impact upon the Debtor's ongoing financial affairs. The amount of the retainer and the hourly rates charged by SPIEGEL are at or below the amount typically sought in a Chapter 11 case in this district and are reasonable. SPIEGEL has the ability to disgorge the retainer should the need to do so arise in this case. Finally, Mr. Speigel is well-regarded within the professional bankruptcy community.  His extensive experience includes serving as a Director of the Bankruptcy and Reorganization Department of Eisner Ampner LLP for over 13 years.  For these reasons, SPIEGEL and the Debtor request that the Court approve the terms of SPIEGEL's retention as set forth in the Declaration of Ira M. Spiegel and approve the payment and expenditure of the retainer to the firm, subject to interim and final approval of fees under Bankruptcy Code Sections 330 and 331.

11. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the

form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: March 8, 2022
       New York, New York

                                              */s/Norma E. Ortiz*
                                        Norma E. Ortiz, Esq.
                                        Ortiz & Ortiz, L.L.P.
                                        287 Park Avenue South, Ste 213
                                        New York, New York  10010
                                        Tel. (718) 522-1117

# EXHIBIT A

ORTIZ & ORTIZ, L.L.P.

287 Park Avenue South, Suite 213
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

DOUGLAS E. CAMPBELL, Case No.: 21-43012-nhl

Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF IRA SPIEGEL IN SUPPORT OF THE APPLICATION FOR RETENTION OF IMSPIEGEL, LLC AS ACCOUNTANT AND FINANCIAL ADVISOR TO THE DEBTOR**

Ira Spiegel declares that the following is true to the best of my knowledge, information and belief:

1. I am a Certified Public Accountant and the sole member of IMSPIEGEL, LLC (" SPIEGEL"), an accounting firm which maintains its offices at 1419 E. 101st Street, Brooklyn, NY, 11236 and as such am fully familiar with the facts and circumstances as set forth herein.

2. I have extensive familiarity with accounting practices. I have extensive experience serving as an accountant for debtors in Chapter 11 cases. My experience includes serving as a Director of the Bankruptcy and Reorganization Department of Eisner Ampner LLP for over 13 years.

3. This Declaration is being submitted in connection with the application of the Debtor to retain SPIEGEL as its accountant in the above-captioned Chapter 11 Debtor case.

4. To the best of my knowledge and belief I, and by extension my firm, am a "disinterested

person" within the meaning of Section 101(14) of the Bankruptcy Code, and have no interest, nor does it represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants. In the course of my practice I may have been retained, through my prior employer, in other matters in which some of the parties to this proceeding may have been parties.

5. I have reviewed the list of parties in interest as they are currently known, including the lists of secured and unsecured creditors, copy of lists attached, and have determined to the best of my knowledge, after due inquiry, that I do not represent any such entity nor have I previously.

6. I have discussed the services required with the Debtor's attorney, which services consist of the following:

a) Monitoring the activities of the Debtor.

b) Assisting in or the preparation of and/or reviewing monthly operating reports, budgets and projections.

c) Reviewing the filed claims for reasonableness against the Debtor's records and filing schedules.

d) Interacting with the Creditors' Committee and its retained professionals (the "Creditors"), should one be appointed.

e) As required, attending meetings with the Debtor and Counsel, meetings with the Creditors and Court hearings.

f) Assisting in the preparation of the Plan of Reorganization and the Disclosure Statement.

g) Other assistance as the Debtor and counsel may deem necessary.

7. The services to be rendered will be charged at the following rates:

| | | |
|---|---|---|
| Member | $290 | per hour |

Based upon the nature of the case, SPIEGEL estimates that the cost of the proposed services will be $10,000 to 16,000.

8. SPIEGEL had an initial conversation with the Debtor and requested $2,000 retainer which the Debtor has provided.

9. SPIEGEL shall seek to be compensated for services rendered and for reimbursement of disbursements upon appropriate application to this court in accordance with the bankruptcy code, bankruptcy rules, fee guidelines and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: February 28, 2022
New York, New York                                                   /s/ Ira Spiegel
                                                                     Ira Spiegel, CPA, Member

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

DOUGLAS E. CAMPBELL,

Case No.: 21-43012-nhl

Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Upon the application (the "Application") of Douglas E. Campbell, as Debtor and Debtor in possession (the "Debtor"), dated March 8, 2022, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of IMSPIEGEL, LLC (" SPIEGEL"), (the "Accountant") as their accountant; upon the Declaration of Ira Spiegel; it appearing that the Accountant represents no interest adverse to the Debtor and their estate as to the matters upon which they is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of the Accountant is necessary and in the best interest of the Debtor and their estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

**ORDERED,** that the Application is granted; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ the Accountants under the terms and conditions set forth in the Application; and it is further

**ORDERED,** that prior to any increases in Accountant's rates, the Accountant shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit

shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that no compensation or reimbursement of expenses shall be paid to the Accountant for professional services rendered to the Debtor, except upon proper application and by further order of this Court, and will be subject to notice and hearing pursuant to Sections 330and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and will comply with the U.S. Trustee's Guidelines for Fees and Disbursements for Professionals.